## IN THE UNITED STATES DISTRICT COURT FOR
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **SANDRA WACKER, LORRETTA LAUTH,** ) | |
| **BRIAN VOELKEL, BRENDA MARKS,** ) | |
| **SARAH THOMAS, BARB RIGGINS,** ) | |
| **DAYNA WEIRICH, KATHY BIRK,** ) | |
| **DEBBIE JOHANIMEIER, JENNIFER** ) | |
| **CARNES JUDY RENTH, CARRIE MERZ,** ) | |
| **LILA STOVER, AND JENNIFER ROBERTS,**) | |
| **individually and on behalf of other similarly** ) | |
| **situated persons,** ) | |
| ) | |
| **Plaintiffs,** ) | **Cause No.** |
| ) | |
| **v.** ) | **COLLECTIVE ACTION** |
| ) | |
| **PERSONAL TOUCH HOME CARE, INC.,** ) | |
| **and PERSONAL TOUCH HOME CARE** ) | **JURY TRIAL DEMANDED** |
| **OF MO, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFFS' COMPLAINT

Plaintiffs, Sandra Wacker, Lorretta Lauth, Brian Voelkel, Brenda Marks, Sarah

Thomas, Barb Riggins, Dayna Weirich, Kathy Birk, Debbie Johanimeier, Jennifer

Carnes, Judy Renth, Carrie Merz, Jamie Satie, Lila Stover, and Jennifer Roberts

(collectively hereinafter "Plaintiffs"), individually and on behalf of all others similarly

situated persons, by and through their undersigned counsel, for their Complaint against

Defendants Personal Touch Home Care, Inc. and  Personal Touch Home Care Mo., Inc.

("Defendants" or "Personal Touch"), state as follows:

## NATURE OF THE CLAIM

1.  Plaintiffs seek declaratory relief and monetary damages for Defendants'

willful violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201

1

et. seq. ("FLSA") for engaging in a well-orchestrated illegal scheme to avoid paying minimum wage for all compensable hours actually worked and overtime pay to its non-exempt office personnel ("Office Personnel").

## JURISDICTION AND VENUE

2.     The FLSA, in relevant part, authorizes court actions by private parties to recover damages for violation of the FLSA's overtime provisions. This Court has original subject matter jurisdiction over Plaintiff's FLSA pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business in this judicial district and the unlawful conduct giving rise to the claims occurred in this judicial district.

## PARTIES

4.     Plaintiff Sandra Wacker, is an individual residing in Franklin County, Missouri. Plaintiff Sandra Wacker is a former employee of Defendants that worked in Defendants' Union, Missouri office.

5.     Plaintiff Lorretta Lauth, is an individual residing in Franklin County, Missouri. Plaintiff Lorretta Lauth is a former employee of Defendants that worked in Defendants' Union, Missouri office.

6.     Plaintiff Brian Voelkel, is an individual residing in Gasconade County, Missouri. Plaintiff Brian Voelkel is a former employee of Defendants that worked in Defendants' Union, Missouri office.

7.     Plaintiff Brenda Marks, is an individual residing in Franklin County, Missouri. Plaintiff Brenda Marks is a former employee of Defendants that worked in

2

Defendants' Union, Missouri office.

8.     Plaintiff Sarah Thomas is an individual residing in Jefferson County, Missouri. Plaintiff is a former employee of Defendants that worked in Defendant's Union, Missouri office.

9.     Plaintiff Barb Riggins, is an individual residing in Franklin County, Missouri. Plaintiff is a former employee of Defendants that worked in Defendant's Union, Missouri office.

10.    Plaintiff Dayna Weirich, is an individual residing in Franklin County, Missouri. Plaintiff is a former employee of Defendants that worked in Defendant's Union, Missouri office.

11.    Plaintiff Kathy Birk, is an individual residing in Franklin County, Missouri. Plaintiff is a former employee of Defendants that worked in Defendant's Union, Missouri office.

12.    Debbie Johanimeier is an individual residing in Madison County, Illinois. Plaintiff is a former employee of Defendants that worked in Defendants' Clayton, Missouri office.

13.    Jennifer Carnes, is an individual residing in Madison County, Illinois. Plaintiff is a former employee of Defendants that worked in Defendants' Clayton, Missouri office.

14.    Judy Renth, is an individual residing in Madison County, Illinois. Plaintiff is a former employee of Defendants that worked in Defendants' Clayton, Missouri office.

15.    Carrie Merz, is an individual residing in St. Louis County, Missouri. Plaintiff is a former employee of Defendants that worked in Defendants' Clayton,

3

Missouri office.

16. Lila Stover, is an individual residing in Franklin County, Missouri. Plaintiff Lila Stover is a former employee of Defendants that worked in Defendants' Clayton, Missouri office.

17. Jennifer Roberts, is an individual residing in Franklin County, Missouri. Plaintiff Jennifer Roberts is a former employee of Defendants that worked in Defendants' Union, Missouri office.

18. The putative class is comprised of Plaintiffs and all other persons whom Defendants employs or employed as office staff/personnel in the United States that were subject to Defendants common scheme and/or policy of failing to properly compensate for all hours actually worked and the corresponding overtime pay.

19. Defendant Personal Touch Home Care, Inc., is a foreign corporation domiciled at 222-15 Northern Blvd., Bayside, New York, which can be served through it's agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware, 19801. Personal Touch Home Care Inc is an "employer" as defined by the FLSA.

20. Defendant Personal Touch Home Care, Inc. does systematic and continuous business in the State of Missouri, including in this judicial district.

21. Defendant Personal Touch Home Care Mo., is a foreign corporation, domiciled at 141 N. Meramec, Suite 4, Clayton, Missouri, 63105, which can be served through its agent for service of process Corporate Services Company-Lawyers Incorporated Services Company, 221 Bolivar, Jefferson City, Missouri, 65101. Personal Touch Home Care Mo. Inc is an "employer" as defined by the FLSA.

4

22. Defendant Personal Touch Home Care, Mo. Inc. does systematic and continuous business in the State of Missouri, including in this judicial district.

23. Defendants, Personal Touch Home Care Mo., Inc and Personal Touch Home Care, Inc., are a common and integrated enterprise that individually and/or jointly and/or through subsidiary entities owned, operated and controlled solely by Defendant Personal Home Health Care Inc. home health care agencies and employ employees in Florida, Indiana, Kentucky, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Texas, Virginia, and within the jurisdiction of this Court.

## COVERAGE

24. At all relevant times, Defendants have been an "employer" within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Defendants, Personal Touch Home Care Mo., Inc and Personal Touch Home Care, Inc., have been an "enterprise" within the meaning of §3(r) of the FLSA, 29 U.S.C. § 2003(r).

26. At all relevant times, Defendants Personal Touch Home Care Mo., Inc and Personal Touch Home Care, Inc., have been engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the FLSA because it has employees engaged in commerce. 29 U.S.C. §203(s)(1). Further, Defendants Personal Touch Home Care Mo., Inc and Personal Touch Home Care, Inc., has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.00.

27. At all relevant times, Plaintiff and similarly situated persons were

5

employees who were engaged in commerce or in the production of goods for commerce as required buy 29 U.S.C. §§ 206-207.

## **FACTUAL ALLEGATIONS**

28. Personal Touch Home Care Inc. is one of the largest providers of comprehensive home care services in the United States. The services provided include, inter alia, in-home care, physical therapy, pediatric care, and early intervention. Personal Touch Home Care employed Plaintiff and other field staff to conduct in-home visits of patients.

29. Personal Touch Home Care operates as a single integrated enterprise insofar as Personal Touch Home Care Inc. maintains common control over its affiliates, including, Personal Touch Home Care of Mo., Inc., due to direct interrelation of operations; common management, ownership, and labor relations; and financial control.

30. Upon information and belief, Defendants implemented a nationwide/company-wide scheme to avoid paying minimum wage and overtime to non-exempt office personnel by intentionally failing to pay its office personnel for all compensable hours actually worked and their corresponding overtime pay.

31. Based on information and belief, Defendants have been a party to at least three (3) wage and hour audits conducted by the United States Department of Labor Wage and Hour Division ("DOL").

32. Despite being specifically informed of their obligations to pay overtime under the FLSA by the DOL, Defendants continued to engage in their illegal overtime scheme at offices and locations that were not subject to a DOL investigation.

33. Plaintiffs were hired by Defendants as office personnel. Defendants treated

6

all office personnel, such as Plaintiffs, as hourly non-exempt employees that were paid on an hourly basis and were therefore entitled to minimum wage and overtime compensation.

34.     Plaintiffs and the similarly situated persons often worked more than 40 hours in a single work week and, in violation of the FLSA, were neither paid for all hours worked or overtime premiums for the overtime worked. More specifically, Defendants engaged in an intentional, willful and common scheme of automatically paying Plaintiffs and similarly situated office personnel 40 hours per week without regard to the actual number of hours worked and without payment of overtime. As a result of Defendants' intentional and willful unlawful scheme, Plaintiffs and similarly situated persons whom worked an average of 43 to 50 hours per workweek, were not paid for all hours actually worked or overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff reasserts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

36.     Plaintiff brings the FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated persons, seeks relief on a collective basis challenging Defendants' well-orchestrated and company-wide illegal scheme to avoid paying overtime to its office personnel.

37.     In addition to the named Plaintiff herein, there are thousands of other similarly situated current or former office personnel employed by Defendants between January 18, 2005 who, as Plaintiffs, worked in excess of 40 hours per week, and were intentionally and willfully denied overtime compensation pursuant to Defendants' illegal

7

overtime scheme.

38.    The former and current employees similarly situated to Plaintiff are more than one thousand (1,000) persons, located throughout the country, so that joinder of all members is impracticable.

39.    The class of employees on behalf of whom Plaintiffs brings this collective action is similarly situated, in law and in fact. The former and current employees are similarly situated to Plaintiff because, inter alia, are/were designated as non-exempt employees, worked and/or controlled by the same upper management, had/have the same or similar job titles and duties wherever they are located, work/worked under substantially similar payroll policies and procedures, work/worked pursuant to the same general compensation arrangements, and are/were subject to the same illegal overtime scheme of intentionally refusing to pay for all hours actually worked and overtime compensation.

40.    The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential Plaintiffs may easily and quickly be notified of the pendency of this action.

41.    Plaintiff can and will fairly and adequately represent the interest of other opt in persons.

42.    These similarly situated employees should be notified of, and allowed to opt in to, this action pursuant to 29 U.S.C. §216(b) for purposes of adjudicating their claims, as set forth herein.

43.    This civil action should be judicially recognized as a collective action and this Honorable Court should find that all office personnel are similarly situated for

8

purposes of maintaining a collective action pursuant to §216(b) of the FLSA.

## COUNT - I

### Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.
### Section 6 - Minimum Wage Claim

44.     Plaintiffs reassert and re-allege the allegations set forth in Paragraphs 1
through 43 above.

45.     At all time material herein, Plaintiffs and similarly situated persons have
been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §
201 et. seq.

46.     The FLSA regulates, among other things, the payment of overtime pay by
employers whose employees are engaged in commerce, or engaged in the production of
goods for commerce, or employed in an enterprise engaged in commerce or in the
production of goods for commerce. 29 U.S.C. § 206(a)(1).

47.     Defendants were, and are, subject to the minimum pay requirements of the
FLSA because it is an enterprise engaged in commerce and its employees are engaged in
commerce.

48.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of
employees from the overtime pay obligations set forth under Section 6(a)(1) of the FLSA.
None of the FLSA exemptions apply to Plaintiffs or similarly situated persons.
Accordingly, Plaintiffs and the similarly situated persons are legally entitled to minimum
wage and, therefore, must be paid minimum wage in accordance with Section 6 of the
FLSA.

49.     Pursuant to their illegal overtime scheme, Defendants willfully violated the

9

FLSA by failing and/or refusing to pay its office personnel their straight time pay and/or minimum wage for all compensable hours actually worked.

50.     The individually-named Plaintiffs and all similarly situated persons are victims of a company-wide illegal scheme. This uniform policy and/or scheme, is in direct violation of the FLSA, has been applied at times to all office personnel wherever located.

51.     Plaintiff and all similarly situated persons are entitled to damages equal to straight time or all compensable hours actually worked within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

52.     Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated persons are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid straight time pay and/or minimum wage described above, pursuant to 29 U.S.C. § 216(b).

53.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, lawful compensation has been unlawfully withheld by Defendants from Plaintiffs for which Defendants are liable, pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiffs, Sandra Wacker, Lorretta Lauth, Brian Voelkel, Brenda

10

Marks, Sarah Thomas, Barb Riggins, Dayna Weirich, Kathy Birk, Debbie Johanimeier,

Jennifer Carnes, Judy Renth, Carrie Merz, Jamie Satie, Lila Stover, and Jennifer Roberts

(collectively hereinafter "Plaintiffs"), individually and on behalf of all others similarly

situated persons, request that this Honorable Court, after due consideration, for the

following:

(1)     Judicially recognize this proceeding as a collective action pursuant to § 216(b) of the FLSA and, thereby require Defendants to provide Plaintiffs with the names and addresses of all potential opt-in collective action members who have been employed by Defendants from January 18, 2005 through the present, within the United States;

(2)     Approve and authorize dissemination of notice to all potential collective action members advising them of the nature of this claim and their right to opt in to this lawsuit;

(3)     After due proceedings had, that Plaintiffs, individually and on behalf of all similarly situated individuals, be awarded all unpaid straight-time pay and/or minimum wage for all compensable hours actually worked, liquidated damages, attorneys' fees and costs as allowed by Section 216(b) of the FLSA, pre-judgment and post-judgment interest as provided by law; and

(4)     Such other relief the Court deems fair and equitable.

## COUNT- II

### Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.
### Section 7 - Overtime Claim

54.     Plaintiffs reassert and re-allege the allegations set forth in Paragraphs 1

through 43 above.

55.     At all time material herein, Plaintiffs and similarly situated persons have

been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §

201 et. seq.

56.     The FLSA regulates, among other things, the payment of overtime pay by

11

employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

57.     Defendants were, and are, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

58.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under Section 7(a)(1) of the FLSA. None of the FLSA exemptions apply to Plaintiffs or similarly situated persons. Accordingly, Plaintiffs and the similarly situated persons are legally entitled to overtime and, therefore, must be paid overtime pay in accordance with Section 7 of the FLSA.

59.     Pursuant to their illegal overtime scheme, Defendants willfully violated the FLSA by failing and/or refusing to pay its office personnel for all hours actually worked and for overtime compensation.

60.     The individually-named Plaintiffs and all similarly situated persons are victims of a company-wide illegal scheme. This uniform policy and/or scheme, is in direct violation of the FLSA, has been applied at times to all office personnel wherever located.

61.     Plaintiff and all similarly situated persons are entitled to damages equal to straight time or all compensable hours actually worked and the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by Section 6(a) of the

12

Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

62.    Defendants have not acted in good faith nor with reasonable grounds to
believe its actions and omissions were not a violation of the FLSA, and as a result
thereof, Plaintiffs and other similarly situated persons are entitled to recover an award of
liquidated damages in an amount equal to the amount of unpaid straight time pay and
overtime pay described above, pursuant to 29 U.S.C. § 216(b).

63.    As a result of the aforesaid willful violations of the FLSA's overtime
provisions, overtime compensation has been unlawfully withheld by Defendants from
Plaintiffs for which Defendants are liable, pursuant to 29 U.S.C. § 216(b), together with
an additional equal amount as liquidated damages, pre-judgment and post-judgment
interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiffs, Sandra Wacker, Lorretta Lauth, Brian Voelkel, Brenda
Marks, Sarah Thomas, Barb Riggins, Dayna Weirich, Kathy Birk, Debbie Johanimeier,
Jennifer Carnes, Judy Renth, Carrie Merz, Jamie Satie, Lila Stover, and Jennifer Roberts ,
individually and on behalf of all others similarly situated persons, request that this
Honorable Court, after due consideration, for the following:

(5)        Judicially recognize this proceeding as a collective action pursuant
           to § 216(b) of the FLSA and, thereby require Defendants to
           provide Plaintiffs with the names and addresses of all potential opt-
           in collective action members who have been employed by
           Defendants from January 18, 2005 through the present, within the
           United States;

(6)        Approve and authorize dissemination of notice to all potential
           collective action members advising them of the nature of this claim
           and their right to opt in to this lawsuit;

(7)        After due proceedings had, that Plaintiffs, individually and on
           behalf of all similarly situated individuals, be awarded all unpaid
           straight time pay and overtime pay, liquidated damages, attorneys'

13

fees and costs as allowed by Section 216(b) of the FLSA, pre-judgment and post-judgment interest as provided by law; and

(8)     Such other relief the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby requests trial by jury of all issues triable by jury.

Dated:   January 18, 2007.

Respectfully submitted,

Timm W. Schowalter          #66308
Courtney M. Brunsfeld       #1443728
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO 63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)
tschowalter@lashlybaer.com

Attorney for Plaintiffs

14