UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA WACKER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:08CV93 CDP |
| | ) |
| PERSONAL TOUCH HOME | ) |
| CARE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs are former office employees of Personal Touch Home Care, Inc. and its Missouri affiliate, Personal Touch Home Care of MO, Inc. They allege that Personal Touch violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, by failing to pay them and other similarly situated employees for actual hours worked and corresponding overtime. Plaintiffs now move for conditional certification as a collective action under the FLSA so that they may notify other past and present Personal Touch employees of this action and provide them the opportunity to "opt in" as plaintiffs to this litigation. Personal Touch opposes conditional certification on the ground that plaintiffs have not provided evidence of a common policy or plan affecting the class of plaintiffs they seek to represent.

Plaintiffs allege that Personal Touch has a policy of automatically deducting

thirty minutes each day from a scheduled eight-and-a-half-hour shift to account for a lunch break, even though the office employees are actually required to work through lunch.  Plaintiffs allege that they typically worked more than 40 hours but were not paid for overtime or the time they worked through lunch.  This, plaintiffs claim, amounts to a common scheme to deprive office staff of proper compensation.  Plaintiffs estimate that there are more than 1000 similarly situated employees in their proposed class, which encompasses all employees who have worked in Personal Touch offices around the country at any time between January 18, 2005 and the present.

Plaintiffs' only support for their allegations that there is a national policy of making employees work through lunch breaks is an affidavit from a former Missouri Regional Manager.  Defendants, on the other hand, have provided seventeen affidavits stating not only that there is no national policy, but also that the former employee who signed plaintiffs' affidavit has no personal knowledge of what goes on at other offices around the country.  Based on everything presented to me, I conclude that plaintiffs have failed to meet the meager burden the law requires to show that the case should be certified as a collective action, and so I will deny plaintiffs' motion.  Their individual claims, of course, will continue.

## **Discussion**

Section 7 of the Fair Labor Standards Act mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for her overtime with additional pay of at least one and one half times her regular hourly wage. 29 U.S.C. § 207. The Act also provides that any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the Act, employees who are not relieved of duties during their lunch break are deemed "working" for that time. *Culkin v. Glenn L. Martin Neb. Co.*, 97 F. Supp. 661, 672 (D. Neb. 1951). An employee is considered "not relieved from duties" if she is required to perform any duties while eating, which includes any requirement that the employee remain at her desk during lunch. 29 C.F.R. § 785.19 (2007); *Mumbower v. Callicott*, 526 F.2d 1183, 1188 (8th Cir. 1975).

An action to recover overtime and liquidated damages may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). A collective action under §216(b) differs from class actions brought under Rule 23 of the Federal Rules of Civil Procedure. *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811, 814-15

(W.D. Mo. 2005). A primary distinction is that under FLSA a similarly situated employee must "opt-in" to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must "opt-out" to avoid being bound by the judgment. *Id. See also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards).

The Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b). District courts in this circuit have often used a two-step procedure, where plaintiffs first seek early conditional certification, and then later the court considers the merits, including whether plaintiffs have shown that the class comprises similarly situated employees. *See e.g.*, *Schleipfer v. Mitek Corp.*, No. 1:06CV109 CDP, 2007 WL 2485007 (E.D. Mo. Aug. 29, 2007); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159 (D. Minn. 2007); *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005); *Dietrich v. Liberty Square L.L.C.*, 230 F.R.D. 574 (N.D. Iowa 2005); *McQuay v. Am. Int'l Group, Inc.*, No. 4:01CV00661 WRW, 2002 WL 31475212 (E.D. Ark. Oct. 25, 2002).

Plaintiffs' burden at the conditional certification stage is not onerous. *See Smith v. Heartland Auto. Servs., Inc.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005)

(burden at first stage is "not rigorous"). Conditional certification at the notice stage generally requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Davis*, 408 F. Supp. 2d at 815 (quoting *Sperling v. Hoffman-La Rouche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)) .

At this first stage, however, plaintiffs must establish a colorable basis for their claim that the class members were the victims of a single decision, policy, or plan. *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) (Severtson I). This means that plaintiff must provide "more than the mere averments in its complaint." *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 278-79 (D. Minn. 1992) (Severtson II). Although credibility determinations and findings of fact are not required at this stage, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003). While the burden on the plaintiff is relatively low at this initial stage, it is not invisible. *Parker,* 492 F. Supp. 2d at 1164 (citing *Brooks v. A. Rainaldi Plumbing, Inc.*, No. 6:06-CV-631, 2006 WL 3544737, at *2 (M.D. Fla., Dec. 8, 2006)). The burden may be met by "detailed allegations supported by affidavits." *Grayson*, 79 F.3d at 1097. "Unsupported assertions that FLSA violations were

widespread and that additional plaintiffs" exist do not meet this burden. *Haynes v. Singer, Co.*, 696 F.2d 884, 887 (11th Cir. 1983).

Plaintiffs here have failed to clear this relatively low hurdle of demonstrating that conditional certification of the collective action is appropriate. Plaintiffs' complaint and single affidavit do not constitute substantial allegations that they and the other members of the proposed collective action were victims of a single decision, policy, or plan to deprive them of pay for actual hours worked and corresponding overtime.

Plaintiffs' complaint and the affidavit they provide claim that Personal Touch has a "common scheme and policy to deprive Office Staff of all hours worked and corresponding overtime by automatically deducting thirty minutes per day for a meal period" even though office staff often worked through their lunch breaks. Their sole affiant, Robin Gladwill, held various positions at Personal Touch in Missouri, ultimately becoming a Regional Manager over all Missouri operations, before she left in 2007. Gladwill claims that the same procedures of requiring work through lunch and unpaid overtime operate nationwide. But Personal Touch operates in thirteen states, and neither Gladwill nor any plaintiff named in the complaint actually worked in any office outside Missouri.

Defendants have provided seventeen affidavits from Administrators and

Regional Administrators at affiliates around the country. Each of these affidavits states that Gladwill was not involved in, and would have no knowledge of, operations in their particular areas, and each counters the substantive allegations of plaintiffs' complaint. The affidavits state that employees at these other locations were paid for the hours they actually worked, and that there is no national policy to require unpaid work through lunch hours or other unpaid overtime.

Gladwill's affidavit states that she is "very familiar with" and has "direct knowledge of" the national and local operations and policies of Personal Touch, but the affidavit provides nothing specific to explain how, from her office in Missouri, she learned the facts she purports to know about the operations of the other affiliates. Most of the statements she makes are conclusory, for example, she asserts that all of Personal Touch's office staff "are/were subject to the same unlawful scheme of failing to pay employees for all hours actually worked and/or overtime."

Plaintiffs rely on cases where conditional certification was granted on the basis of one or two affidavits, but in those cases either the limited affidavits were from plaintiffs with actual knowledge of the facts, or they involved smaller putative classes. For example, in *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225 (E.D. Mo. 2008), the plaintiffs provided affidavits from multiple employees,

all stating that time was deducted from their pay for a lunch break even when they did not take one, and all stating that they personally knew that other employees were treated similarly. *Id*. at 227-28. In *Camper v. Home Quality Management*, 200 F.R.D. 516 (D. Md. 2000), the court granted conditional certification on the basis of the sworn depositions of two plaintiffs who alleged that a lunch break was automatically deducted from their time sheets even on days where they worked through their lunch. Here we have no such evidence. Other than the averments in the complaint, plaintiffs have not provided any testimony that they personally worked through lunch, or that, on days where they did work through lunch, they were not paid. Where there is no testimony that plaintiffs personally worked in excess of 40 hours, courts have found conditional certification inappropriate. <u>See</u> *Saxton v. Title Max of Ala., Inc.*, 431 F. Supp. 2d 1185, 1188 (N.D. Ala. 2006).

More importantly, plaintiffs have failed to provide any competent evidence of a company-wide policy. Where there is no evidence of a company-wide policy, company-wide certification is inappropriate. <u>See</u> *Garner v. Regis Corp.*, No. 03-5037-CV-SW-SWH, 2004 WL 5455905, at *2 (W.D. Mo. Aug. 5 2004). Personal Touch has provided affidavits to refute Gladwill's evidence that such policy exits, and it is proper for me to consider this evidence at this stage. *West v. Border Foods, Inc.*, No. 05-2525, 2006 WL 1892527, at *7 (D. Minn. July 10, 2006).

Those affidavits from administrators in the other offices state that their employees are not required to work through lunch and are paid for the hours they work, and each states that Robin Gladwill had no responsibilities or involvement in those other offices. Although a trial might ultimately show that this is not true, plaintiffs' failure to "successfully engage defendants' affidavits" at this stage counsels against conditional certification. *Grayson*, 79 F.3d at 1097 (citing *Sperling v. Hoffman-La Rouche*, 118 F.R.D. 392, 406-407 (D.N.J. 1988)).

As stated earlier, the burden on plaintiffs is not great, but where they seek conditional certification of such a broad class, they must provide more than they have provided here. One conclusory affidavit from a former Missouri employee is simply insufficient when countered by the very specific affidavits by the employees who actually supervise those other offices. Plaintiffs have not shown a colorable basis for a claim that the class members were the victims of a single decision, policy, or plan, and so I must deny the motion for conditional certification.

Plaintiffs' individual claims will go forward, of course. I will set a telephone scheduling conference with counsel. In advance of the conference, counsel are expected to meet and confer and be prepared to propose specific deadlines for all steps remaining to ready the case for trial. They are also expected

to discuss the potential for settlement and to be prepared to report to me on whether the case should be referred to mediation soon.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for conditional certification of collective action and authorization to send notice of suit to potential opt-in plaintiffs [#14] is denied.

**IT IS FURTHER ORDERED** that Defendants' motion for hearing [#21] is denied as moot.

**IT IS HEREBY ORDERED** that the court will hold a telephone scheduling conference with both counsel on **Thursday, December 4, 2008 at 12:30 p.m.** Plaintiffs' counsel is responsible for placing the call and having all parties on the line before contacting my chambers at 314-244-7520.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of November, 2008.